### H. N. Holdsworth *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 6—591.]

**Sufficiency of Indictment for Forgery as Against a Motion in Arrest of Judgment.**

An indictment for forgery will be upheld as against a motion in arrest of judgment, when it states a public offense within the jurisdiction of the court. The indictment in this case states the acts constituting the offense of forgery in such manner as to enable a person of common understanding to know what was intended and is certain enough for the court to pronounce judgment on conviction according to the right of the case.

APPEAL FROM THE HARDIN CIRCUIT COURT.

February 21, 1885.

Opinion by Judge Lewis:

The indictment under which appellant was tried and convicted, is as follows:

"The Grand Jury of Hardin County, in the name and by the authority of the Commonwealth of Kentucky, accuse H. N. Holdsworth of the crime of forgery in forging a promissory note, for the payment of money, committed in manner and form as follows: The said H. N. Holdsworth on the 16th day of December, 1882, in the said County of Hardin, did unlawfully, willfully and feloniously make and forge a promissory note for the payment of money, in words and figures as follows, to wit:

"$3,000                          Elizabethtown, Ky., Dec. 16, 1882.

Ninety days after date, I promise to pay to the order of Hotop & Holdsworth, three thousand dollars for value received, negotiable and payable at the office of Hotop & Holdsworth, Bankers, Elizabethtown, Ky., without defalcation, offset or discount; with interest thereon after maturity at the rate of six per cent. per annum

until paid, and if collected by suit, I agree to pay 5 per cent. as lawyer's fee for collecting same. Due March 16/19. B. F. Collins." done without authority and with intent to defraud B. F. Collins and one Hotop, which latter was a partner of the said Holdsworth in the banking business; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky.

The first question we will consider, arising on motion in arrest of judgment, is whether the facts stated in the indictment constitute a public offense within the jurisdiction of the court.

As to the party and the offense charged and the county in which the offense was committed the indictment is direct and certain. The common-law definition of forgery according to Bishop is, "the falsely making, or materially altering, with intent to defraud, any writing which, if genuine, might apparently be of legal efficiency, or the foundation of a legal liability." See 2 Bishop Crim. Law, Sec. 432. And, according to Blackstone, it is "the fraudulent making or alteration of a writing to the prejudice of another man's rights." 4 Black. Comm. 247.

By Sec. 5, Art. 9, Ch. 29, Gen. Stats., it is provided that if any person shall forge any promissory note for the payment of money or other thing, with intention to defraud another, he shall be confined in the penitentiary not less than two nor more than ten years.

The statement in the indictment is direct and certain that the defendant did, unlawfully, willfully and feloniously make and forge a promissory note for the payment of money, which is set out in full, without any authority and with intent to defraud, which is equivalent to falsely, fraudulently making. For if made feloniously without authority, and with intent to defraud, it is both falsely and fraudulently done.

The instrument as set out, shows it to be a promissory note for the payment of money, signed by B. F. Collins, and made payable to the firm of which the defendant was a member. The use of the word "forge" does not add to, change, or in any way qualify the meaning of the word "make," with which it is connected by the conjunction "and," but is mere surplusage. In our opinion the acts constituting the offense charged, are stated in such manner as to enable a person

of common understanding to know what was intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case.

We think the loss of the note was sufficiently proved to make it proper for the witnesses to properly testify in regard to it, without having it before the jury.

It was not indispensible to prove that the name of B. F. Collins was in the handwriting of the defendant. Generally the object of a person committing the offense charged in this case, is to similate the handwriting of the person whose name is to the instrument, and to disguise his own, and resort must therefore be had in nearly every case to other facts and circumstances to show the name of the obligor is falsely signed. Whether therefore, it was or was not proper to permit the witnesses Hotop and Collins to express the opinion the signature to the note was in the handwriting of the defendant, based upon a comparison of it with the handwriting in the body of the note, does not materially affect the defendant.

There was an endorsement on the back of the note, found to be in the handwriting of the defendant, without which the money could not have been obtained on it, which it appears was obtained by the firm of Hotop & Holdsworth, or by one of them, and the body of the note, except what was printed, was also proved to be in his handwriting. It is therefore manifest that the jury being convinced that Collins did not sign the note, was not influenced in arriving at their conclusion by an apparent similarity of the handwriting of defendant to the signature, but by the facts of the body of the note and endorsement on the back being written by the defendant. We do not therefore think the substantial rights of the defendant were prejudiced by the alleged error of the court, nor by any other presented for our consideration. [This case has never been reported neither in full nor in abstract.]

*Jas. E. Garthen, Jas. E. Montgomery, for appellant.*

*P. W. Hardin, for appellee.*